UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6034-CR-~~FERGUSON~~ NCR

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )
)
JOHN PALMER, )
)
Defendant. )
_____ )

GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.   1.   Audio recordings of statements made by the defendant can be obtained by making arrangements with undersigned counsel. Specifically, these tapes can be reviewed at the discovery conference. Copies of these tapes can be obtained by providing 2 blank audiotapes to undersigned counsel. These tapes will be used for copying and then returned. Copies of transcripts of those telephone conversations are attached.
              Additionally, copies of e-mail communications between Defendant and "Richie", the undercover agent posing as a 14 year old boy, are attached.

        2.   That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached. When Defendant was arrested he stated, "I really did it this time. This is all my fault. I'm the

       guy you want."

       When the undercover agent identified himself as "Richie, the boy you have been talking to", Defendant responded, "I know, I'm a bad man."

       When Defendant went to the Fort Lauderdale Police Department he was read his Miranda Rights. He agreed to talk to Detective Love on a limited basis. Detective Love asked why Defendant met with him, and Defendant responded he was going to turn him [Richie] into his parents. When asked why Defendant did not just call his mother or father, Defendant did not respond. When asked if there were any sexual photos of children under 18 on his computer, Defendant responded, "There are two hundred photos in my computer which I downloaded from the Internet". Defendant also indicated that "GOODDADDY9999" was a new screen name for him.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale. Please call the undersigned to set up a date and time that is convenient to both parties.

    The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. Law enforcement officials trained and experienced in child pornography investigations have reviewed the images found on Defendant's computers and have determined that they contain images of children under the age of 18 engaged in sexually explicit conduct.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  No drugs are involved in this indictment.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession, although Defendant arrived to meet the undercover agent driving a Blue, 4 door Volvo, with Georgia tag 97GK8.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  To date, the government has not received a request for disclosure of the subject matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

      Time: January 7, 2000
      Date: 12:15 p.m.
      Place: Imperial Point Park

      Respectfully submitted,

      THOMAS E. SCOTT
      UNITED STATES ATTORNEY

By: _____
    LAURENCE M. BARDFELD
    Assistant United States Attorney
    Florida Bar No. 712450
    500 East Broward Boulevard, #700
    Fort Lauderdale, Florida 33394
    Tel: (954) 356-7255, ext. 3510
    Fax: (954) 356-7336

cc: Detective Richard Love (FLPD)
    SA Terri Patterson (FBI)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/hand-delivered this 16 day of February, 2000, to: Adam Swickle, Esquire, 633 SE 3rd Avenue, Suite 4F, Fort Lauderdale, Florida 33301.

Laurence M. Bardfeld