UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
Case No.: 00-6034-CR-ROETTGER

UNITED STATES OF AMERICA,
    Plaintiff,
vs.

JOHN PALMER,
    Defendant.
_____/



## DEFENDANT'S UNOPPOSED
## MOTION TO MODIFY CONDITIONS OF BOND

Defendant, JOHN PALMER, through undersigned appointed counsel, without objection by the government, respectfully moves this Court to modify the conditions of his release on bond, and as grounds therefor states the following:

1. Mr. Palmer has been charged by Indictment and was released on a $50,000 10% Bond.

2. As a standard condition of pretrial release Mr. Palmer is not permitted to travel outside the Southern District of Florida without prior approval of the Court.

3. The Mr. Palmer is a Plaintiff in a civil suit in the Territorial Court of the Virgin Islands of St. Thomas and St. John. This case has been referred to mediation and mediation is scheduled for the week of June

      5, 2000, through June 9, 2000. (Please see copy of Mediation Referral attached hereto.)

4. Mr. Palmer requests permission to travel to St. Thomas to attend this mediation. If permitted to travel, the Mr. Palmer would be flying via American Airlines. Mr. Palmer would leave June 1, 2000, and return on June 12, 2000. Mr. Palmer requests these travel dates to significantly reduce the cost of airfare.

5. If permitted to travel, Mr. Palmer would be residing at the Renaissance Hotel in St. Thomas (1-340-775-1510).

6. Undersigned counsel has discussed this matter with AUSA, Larry Bardfeld, Esquire, who has no objection to the Defendant's travel as outlined above.

7. Office of undersigned counsel has discussed this matter with Pretrial Service Officer Jim Jamros, who stated he has no objection to the relief herein sought.

WHEREFORE, based on the above and foregoing, the Defendant, JOHN PALMER respectfully requests this Honorable Court to enter an Order granting the relief herein sought.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to the following on this 22nd day of May, 2000 to Larry Bardfeld, Esquire, U.S. Attorney's Office, 500 East Broward Blvd. 7th Floor, Fort Lauderdale, Florida 33394 and to Jim Jamros, U.S. Pretrial Services, 299 East Broward Blvd., Fort Lauderdale, Florida 33301

_____
ADAM B. SWICKLE
Attorney for Respondent
633 Southeast Third Avenue, Suite 4-F
Fort Lauderdale, FL 33301
(954) 523-2100
Florida Bar Number: 0062979

IN THE TERRITORIAL COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

JOHN PALMER AND DEENA )
PALMER, )
 )
             Plaintiffs, )
 ) Civil No. 311/1998
vs. )
 )
DELIVER IT, INC., )
 )
             Defendant. )
_____)

## MEDIATION REFERRAL ORDER

Pursuant to Rule 3.2 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands and Rule 40, Terr. Ct. R., the above captioned case is hereby referred to mediation. Accordingly, it is hereby

ORDERED, that this matter is referred to mediation on the following conditions:

    1. The first mediation conference shall be held no later than sixty (60) days from the date of this Order.

2. Within ten (10) days after the date of this Order, the parties may stipulate as to the designation of a certified mediator; or an uncertified mediator who, in the opinion of the parties and upon review of the Presiding Judge, is qualified to mediate. They shall promptly notify the Court of their stipulation. If they cannot agree on a, mediator, they shall so notify the Court, and the Court shall appoint a certified mediator.

3. After the appointment of a mediator, the Court or its designee, who may be the mediator, shall notify the parties in writing of the date, time, and place of the first mediation conference which shall be held within thirty (30) days after the appointment of a mediator. Counsel to the parties shall attend the mediation conference.

4. Before serving, the mediator shall take the oath or affirmation similar to that administered to officials of the Territorial Court.

5. Mediation shall be completed within thirty (30) days of the first mediation conference unless extended by order of the court or by stipulation of the parties, but in any event it shall not exceed ninety (90) calendar days.

- 3 -

6. In the absence of a written agreement providing for the mediator's compensation, the mediator shall be compensated at an hourly rate to be determined by the Presiding Judge. Each party shall pay fifty percent (50%) or such proportionate share of the total charges of the mediator as may be agreed upon, unless the mediator and/or the Court determines that one party has not mediated in good faith.

7. Discovery will continue throughout the course of mediation.

8. If any party fails to comply with the obligations set forth therein to ensure that mediation is accomplished, appropriate sanctions may be imposed.

9. The parties or their representative having full authority to settle without further consultation must appear. Failure to comply herewith may subject the parties to appropriate sanctions.

DATED: April 10, 2000

*[signature]*
IVE ARLINGTON SWAN
Judge of the Territorial Court
of the Virgin Islands

ATTEST:

*[signature]*
DENISE D. ABRAMSEN
Clerk of the Court

CERTIFIED A TRUE COPY

Date 4-13-2000
Denise D. Abramsen
Clerk of the Court
By *[signature]*
Deputy