UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
Case No.: 00-6034-CR-ROETTGER

UNITED STATES OF AMERICA
    Plaintiff,

vs.

JOHN PALMER,
    Defendant.
_____ /

## DEFENDANT PALMER'S MOTION FOR DOWNWARD DEPARTURE

The Defendant, **JOHN PALMER**, by and through the undersigned counsel, respectfully files this, his Motion For Downward Departure from the sentencing guidelines, and in support thereof states the following:

1. Mr. Palmer respectfully submits that this Court may make a downward departure from the suggested guideline sentence based upon U.S.S.G. §5H1.1 & §5H1.4.

U.S.S.G. §5H1.1 states:

> Age (including youth) is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. Age may be a reason to impose a sentence below the applicable guideline range when the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration. Physical condition, which may be related to age, is addressed at §5H1.4 (Physical Condition, Including Drug or Alcohol Dependence or Abuse).

Similarly, U.S.S.G. §5H1.4 provides, in pertinent part:

> Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm

> defendant, home detention may be as efficient as, and less costly than, imprisonment...

Mr. Palmer is a 68 year old male with numerous physical ailments. In the early 1980's, Mr. Palmer severely injured his back/spine in an accident while on board and Eastern Airline plane. As a result, Mr. Palmer has undergone three invasive surgeries including two for neurological damage. In addition, Mr. Palmer currently undergoes pain and message therapy and requires nerve block injections for the spine. These injections require Mr. Palmer to travel to Emory Clinic in Atlanta, Georgia every three to four months in order to undergo the required operation. Moreover, Mr. Palmer takes Percodan for pain and undergoes approximately ten (10) hours of traction at his home per week. As a result, Mr. Palmer lives in constant pain and discomfort and is unable to stand for any significant length of time. Furthermore Mr. Palmer suffers from a liver ailment and requires medication for high blood pressure.

As a result, Mr. Palmer respectfully requests a sentence outside the applicable guideline range due to the above referenced physical impairment(s). It is clear that home detention will be as equally efficient as and less costly than incarceration due to Mr. Palmer's age and the medical attention required.

2. As an additional basis for a downward departure, Mr. Palmer states that his family ties and responsibilities may be considered/relevant in determining the amount of restitution or fine. U.S.S.G. § 5H1.6.

Specifically, Mr. Palmer was married to his current wife, Bernadette Victoria Palmer, on July 11, 1978 and they have one child, Susanne Olivia

Palmer, age 8. Both Bernadette and Susanne rely on Mr. Palmer for emotional and financial support. In addition, paragraphs 61 & 69 show that Mr. Palmer does not have the ability to pay the fine range for the instant offense set out in U.S.S.G. § 5E1.2(c)(3). Therefore, Mr. Palmer respectfully requests the Court to consider this factor in determining the amount of costs/fine to impose in the instant case.

3. As an additional basis for a downward departure in this action, Mr. Palmer states that his mental and emotional condition, to wit: depression and anxiety exist to such a degree, and are not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. U.S.S.G. §5K2.0. *See* Koon v. United States, 518 U.S. 81, 116 S.Ct. 2035 (1996).

In determining whether a factor which takes a case outside the "heartland" should result in a different sentence, a district court must first decide whether the factor is forbidden, encouraged, discouraged, or unaddressed by the guidelines as a potential basis for departure. Id., (citing Koon, 116 S.Ct. at 2046-2047). If a factor is forbidden, *see*, *e.g.* U.S.S.G. §5H1.10 (race, sex, national origin, creed, religion and socio-economic status), a district court cannot use it to depart from the applicable guideline; to do so would be a per se abuse of discretion. Id. (citing Koon, 116 S.Ct. at 2045-2047). If a factor is encouraged, *see*, *e.g.* §5k2.1 (causing death), a court is authorized to depart from the applicable guideline if the guideline does not already take that factor into account Id., (citing Koon, 116 S.Ct. at 2045). If the factor is discouraged, *see*, *e.g.* §5H1.2 (education and vocational skills), or

is an encouraged factor already taken into account by the applicable guideline, a district court may depart only if the factor is present to an exceptional degree or in some other way makes the case distinguishable from the ordinary case where the factor is present. Id. Finally, a district court may depart on the basis of a factor not addressed by the Sentencing Commission if it finds, "after considering the 'structure and theory of both the relevant individual guidelines and the Guidelines taken as a whole,'" that the factor takes the case out of the applicable guideline's heartland. Koon, 116 S.Ct. at 2045 (quoting United States v. Rivera, 994 F.2d 942, 949 (1st Cir. 1993)). United States v. Ponder, 963 F.2d 1506, 1509-1510 (11th Cir. 1992); United States v. Williams, 948 F.2d 706, 709 & n.3 (11th Cir. 1991). A sentencing court therefore properly departs even if the circumstances presented by the case vary only in degree from that embodied by the guideline. Ponder, 963 F.2d at 1509; Williams, 948 F.2d at 709; see also U.S.S.G. Ch. 1, Pt. A 4(b).

Mr. Palmer's psychological status takes this case out of the "heartland" and provides a basis for a downward departure. Therefore, Mr. Palmer respectfully requests that this Court consider this ground for a downward departure both individually and cumulatively, with the other grounds for downward departure set forth herein.

**WHEREFORE**, based on the foregoing, the Defendant respectfully requests this Court to grant the relief sought herein.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct cop of the foregoing was furnished by hand this 22nd day of January, 2001 to the U.S. Clerk's Office, 299 East Broward Blvd. Ft. Lauderdale, Florida 33301; Frank E. Smith, U.S. Probation Officer, 299 E. Broward Blvd., Room 409, Ft. Lauderdale, Florida 33301 and Larry Bardfeld, Esq., U.S. Attorney's Office, 500 East Broward Blvd., 8th Floor, Ft. Lauderdale, Florida 33301.

SWICKLE THOMAS & ROSENBLUM, P.A.
ADAM B. SWICKLE, ESQUIRE
110 E. Broward Blvd. Suite 680
Ft. Lauderdale, Florida 33301
Tele: (954) 524-6662
Fax: (954) 524-6664
FBN: 0062979