UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-60122-CIV-ROETTGER
(00-6034-CR-ROETTGER)
Magistrate Judge Sorrentino

FILED BY _____ D.C.
2003 MAR -5 PM 4:53
CLARENCE MADDOX
CLERK U.S DIST. CT.
S.D. OF FLA - FTL

JOHN PALMER, 55169-004
FCC Coleman -Low
Coleman, Florida

    Movant,

v.

UNITED STATES OF AMERICA,
United States District Court
Fort Lauderdale, FL

    Respondent.

_____/

## MOTION FOR MODIFICATION OF SENTENCE

Comes now the Movant, John Palmer, pro se, who requests that this Honorable Court modify his sentence pursuant to Title 18 U.S.C. §3582, and further says:

1. The Movant was convicted upon the entry of his plea of guilty on the 26th day of January, 2001 in this Court for the offense of prohibited sexual conduct, in violation of Title 18, U.S.C. § 2G1.1(A)(1), § 2G1.(1B)(2), and § 2G1.1(B)(5) .

2. The Movant was sentenced herein on the 26th day of January, 2001 to a term of imprisonment of thirty-seven (37) months and three (3) years of supervised release.

3. Movant is currently incarcerated at FCC Coleman, Coleman, Florida, where he is serving said sentence imposed.

4. Movant did not appeal the conviction or sentence.



## GROUNDS

5. The aforesaid sentencing level of thirty-seven (37) months reflects two (2) two (2) level upward enhancements. The first two (2) level enhancement was for specific offense characteristic, "§2G1.1(b)(2)(B) Victim had attained the age of 12 years but not obtained the age of 16 years." The second two (2) level enhancement was for specific offense characteristic, "§2G1.1(b)(5)(B) Entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor." The Sentencing Commission in 2001 promulgated an amendment which proposed three changes to 2G1.1. "Third, the <u>amendment deletes the portion of the encouraged upward departure provision in §2G1.1 pertaining to the age of the victim because such conduct is already taken into account by that guideline</u>."

6. Movant has not presented these grounds to the Bureau of Prisons, or in any other administrative or judicial proceeding.

## THE ARGUMENT AND THE LAW

7. The Movant concedes that there is the question of "whether or not said amendment is retroactive," as to his sentence. Movant urges that said amendment should apply retroactively as to his sentence. An examination of the reason, as stated by the said United States Sentencing Commission for the enactment of the amendment provides some insight. This amendment deletes the portion of the encouraged upward departure provision in §2G1.1 pertaining to the age of the victim "<u>because such conduct already is taken into account</u>" by that guideline.

8. Reposed in this Honorable Court is the jurisdiction and authority to modify the Movant's term of imprisonment imposed herein pursuant to Title 18, U.S.C. §3582(c)(2), which provides:

   In the case of a defendant who has been sentenced to a term of

> imprisonment based on a sentence range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(A) to the extent that they are applicable, if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission.

9. 18 U.S.C. 3553(A) In determining whether the amendment to the Sentencing Guidelines should be applied retroactively, it must be determined whether the amendment is merely clarification of pre-existing guidelines or substantive change; if the <u>amendment clarifies guideline, it should be applied retroactively.</u> <u>U.S. v. Torres-Gonzalez</u>, 834 F. Supp. 550 (D. Puerto Rico 1993).

10. Section 1B1.10 of the Federal Sentencing Guidelines Manual, captioned "retroactivity of Amended Guidelines Range (Policy Statements)" is compatible with said Title 18, U.S.C. §3582. The Movant qualifies as to these as to modification of his sentence and would have been qualified if said provision had been in effect at the time he was sentenced. Under 1B1.10(b) of the Sentencing Guidelines, it is provided that:

> In determining whether a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. §3582(c)(2), the court should consider the sentence that it would have originally imposed had the guidelines, <u>as amended</u>, been in effect at that time.

11. The Movant urges that he has been of good demeanor and conducted himself appropriately during his incarceration, despite his 70 years of age and confined to a wheelchair.

12. As this is a pro se motion, the author wishes the reader to know that Movant is a patriotic American, an honorably discharged veteran who desperately desires to serve his country, his community, and his family in any and every way he can in these periods and uncertain times since September 11, 2001.