|  |  |
|---|---|
| JOHN PALMER, | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA |
| Movant, | Case No.:02-60122-CIV-ROETTGER<br>Case No.:00-6034-CR-ROETTGER |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent.      / | |

FILED by _____ D.C.
JUN 17 2003
CLARENCE
CLERK U.
S.D. OF F.

**THIS CAUSE** is before the Court upon pro se petitioner John Palmer's Motion for Modification of Sentence. On January 26, 2001 Palmer was sentenced to 37 months imprisonment, three years supervised release, and a $100.00 special assessment after pleading guilty to attempting to entice and coerce an individual under 18 years of age to engage in a sexual act, in violation of 18 U.S.C. § 2422(b).[1] Palmer now moves this Court to reduce his sentence by thirteen months due to the 2001 amendments to the Sentencing Guidelines.

At his sentencing, Palmer received a two level adjustment to the base level offense pursuant to § 2G1.1(b)(5)(B) of the Sentencing Guidelines. In the instant motion, Palmer asserts that his sentence should be reduced due to a Sentencing Guidelines amendment that apparently removes the encouraged adjustment language of § 2G1.1. Palmer, however, does not cite the specific amendment in his motion.

---

[1] Palmer pleaded guilty to Count One of the indictment. Count Two was dismissed.

REC'L
JUN 19 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

This Court interprets Palmer's motion as discussing Amendment 641 of Appendix C of the Sentencing Guidelines. Section 1B1.10 of the Sentencing Guidelines provides that where a defendant is already incarcerated, and the guideline range applicable to the defendant has subsequently been lowered, a reduction in the defendant's term of imprisonment is authorized pursuant to 18 U.S.C. § 3582(c)(2). The Court notes that if Palmer is referring to Amendment 641, this amendment is not listed among those amendments warranting a reduction in term of imprisonment as a result of an amended guideline range. See § 1B1.10(c).[2] Therefore, Palmer is not entitled to a modification of sentence. Accordingly, it is

**ORDERED AND ADJUDGED** that Palmer's motion for modification of sentence is **DENIED**.

**DONE AND ORDERED** this 17th day of June, 2003.

NORMAN C. ROETTGER
**UNITED STATES DISTRICT COURT JUDGE**

cc: counsel of record

---

[2] Amendment 641 deletes the upward departure provision only if the defendant was convicted under 18 U.S.C. § 1591. In the instant case, Palmer was convicted under 18 U.S.C. § 2422(b).